UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY YANGOUYIAN,

    Plaintiff,

vs.             Case No. 13-cv-10112
              HON. GERSHWIN A. DRAIN

CHEVY CHASE BANK, FSB, *et al.*
    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[#4] AND CANCELLING HEARING

### I. Introduction

On January 11, 2013, Plaintiff, Anthony Yangouyian, filed this suit against Defendants, Chevy Chase Bank, FSB ("CCB") and Capital One, N.A. ("Capital One")[1], challenging the foreclosure of a mortgage that encumbered property located at 8481 Trenton, White Lake, Michigan 48386 (the "Property"). Plaintiff raises five claims: Quiet Title, Count I; Assignment of the Mortgage without the Note, Count II; Unjust Enrichment, Count III; Breach of Implied Agreement/Specific Performance, Count IV, and Breach of MICH. COMP. LAWS § 600.3205c, Count V.

Presently before the Court is Defendant's Motion to Dismiss. The Plaintiff did not respond to Defendant's Motion to Dismiss. Accordingly, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion to Dismiss will be resolved on the briefs. For the reasons that follow, Defendants' Motion

---

[1] Chevy Chase Bank, FSB converted to a national bank and merged with Capital One, N.A., effective July 30, 2009. *See* Certificate of Merger, Dkt. No. 4, pg.8. Thus Capital One is the only proper party in this action, and the Court will henceforth address the Defendant in singular form.

to Dismiss and/or for Summary Judgment is granted.

## II.     Factual Background

On December 4, 2002, Plaintiff obtained a $373,000.00 loan from CCB. As security for repayment of the loan, plaintiff executed a mortgage on the Property. The mortgage identifies Mortgage Electronic Registration Systems, Inc. (MERS) as the "nominee for Lender." On October 7, 2011, MERS, as nominee for the Lender, assigned the mortgage to Capital One. The assignment was recorded with the Oakland County Register of Deeds on October 25, 2011.

Plaintiff apparently defaulted on the loan by failing to make his payments when they came due. Consequently, as provided in the mortgage, Defendant initiated foreclosure proceedings by advertisement. On June 12, 2012, the Property was sold at a Sheriff's sale. Defendant purchased the Property. Accordingly, the redemption period expired on December 12, 2012. *See* MICH. COMP. LAWS § 600.3240(8).

## III.    Law & Analysis

### A.      Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

### 3. **Defendant's Motion to Dismiss**

Defendant argues that Plaintiff's quiet title claim must be dismissed because the statutory redemption period has expired, Plaintiff does not have superior title, and Plaintiff lacks the requisite standing to bring the claim. The statute provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed

by the plaintiff . . . ." MICH. COMP. LAWS § 600.2932. Plaintiff has the burden of proof and must make out a prima facie case of title. *See Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd. Comm'n*, 236 Mich. App. 546, 549, 600 N.W.2d 698 (Mich. Ct. App. 1999).

In the Complaint, Plaintiff maintains that the Defendant acted intentionally "to preclude the Plaintiff from entering into a loan modification or a negotiated settlement" and that Defendant "did undertake to foreclose on the subject property without allowing the Plaintiff to Modify the Loan." Compl., ¶¶12, 14. As an initial matter, Defendant is not required to modify Plaintiff's loan, rather Defendant was required to offer Plaintiff an opportunity to discuss possible loan modification as a condition precedent to foreclosure by advertisement. As evidenced by the affidavit included as part of the Sheriff's deed, the parties did meet, pursuant to M.C.L. § 600.3205b to discuss a loan modification; however, an agreement was not reached. The affidavit states in relevant part:

> That I have reviewed the business records of Trott & Trott, P.C. and based on my review of those records, a written notice dated October 19, 2011 was served in the manner necessary according to M.C.L. 600.3205a(3);
> That said notice includes: (a) the reason for default and the amount due and owing; (b) the contact information for the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer; and (c) a statement of the borrowers' rights, all according to M.C.L. 600.3205a(1);
> That said notice includes a list of housing counselors as required by M.C.L. 600.3205a(2); and
> That the borrower(s) responded and requested a meeting pursuant to M.C.L. 600.3205b, no agreement could be reached, they are not eligible for a loan modification, and 90 days from the date of the aforementioned notice has passed.

*See* Def.'s Mot., at 49. Thus, Plaintiff's allegation that Defendant prevented Plaintiff from securing a loan modification is belied by the affidavit attached to the Sheriff's deed.

In *Overton v. Mortgage Electronic Registration Systems*, Case No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009), the court held that once the redemption period following a

foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton,* 2009 WL 1507342, at *1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a *clear showing of fraud, or irregularity.*" *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).

Here, Plaintiff argues that the "[Defendant] made false and misleading representations of material facts in connection with the loan modification process and statue," and that the "[Plaintiff] relied on their material representations, that the loan modification would prevent foreclosure on said property." *See* Def.'s Notice of Removal, Ex. B., ¶¶ 13-14. In order to establish a claim for fraudulent misrepresentation, Plaintiff must demonstrate: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendant made it with the intention that Plaintiff would act upon it, and (5) the Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976).

Contrary to Plaintiff's assertions, Defendant stating that a loan modification – if successful–would prevent foreclosure on the property, is generally a foregone conclusion. This assertion does not rise to the particularity needed to sustain a claim of a false or misleading representation. *See* Fed. R. Civ. P. 9. The parties were in discussion regarding a modification and it is conceivable, had the parties reached an agreement, that the foreclosure process would indeed have been halted.

Moreover, Plaintiff fails to allege the specific false representations made by Defendant. Nor does his pleading contain any factual allegations concerning the who, when, or any specific detail

surrounding the allegedly fraudulent or misleading statement. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") In any event, the affidavit included with the Sheriff's deed belies Plaintiff's assertion. Under Michigan law, the Sheriff's deed trumps any claim the Plaintiff may have to the property. MICH. COMP. LAWS §§ 600.3236, 600.3240. Plaintiff's claim for quiet title fails as a matter of law.

As to Plaintiff's claim for assignment of the mortgage without the note, Michigan law does not require that the note be provided to the borrower as a condition of foreclosure. *See* M.C.L. § 600.3204. Furthermore, this cause of action lacks requisite supporting factual allegations and fails to state any claim upon which relief may be granted. Therefore, this claim must also fail.

As to Plaintiff's claim for unjust enrichment, such a claim is non-cognizable under Michigan law because an express contract governs the subject matter at issue herein. *See Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827 (2006) ("In this case, an express contract, the 2002 loan agreements, governs the parties' loan. This alone would foreclose plaintiff's unjust enrichment claim."). Similar to the facts in *Fodale*, this action is governed by an express written agreement, specifically the mortgage. Defendant's argument is correct in that Plaintiff's unjust enrichment claim fails because the mortgage agreement governs the parties' relationship. *See Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271 (2003) ("[A] contract will be implied only if there is no express contract covering the same subject matter.") Thus, Plaintiff's unjust enrichment claim fails as a matter of law.

In Count IV, Plaintiff alleges that he "has attempted in good faith to continue with the Loan Modification process and negotiate a settlement to no avail[,] Defendant must be ordered to continue the processing of the Loan Modification or negotiate in good faith a settlement of the subject property so that Plaintiff can keep possession of his home." Compl., ¶¶ 33, 36. To the extent Plaintiff's claim relies on the theory that he is entitled to a loan modification, Michigan law requires that certain types of agreements be reduced to a writing. *See Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W.2d 66 (2000); *see also* MICH. COMP. LAWS § 566.132(2). Michigan Compiled Laws § 566.132(2) states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

MICH. COMP. LAWS § 566.132(2)(a). Here, Plaintiff's claim fails because he has presented no evidence that an authorized representative of Defendant made promises to modify his loan and reduced such promises to a written agreement. In any event, the affidavit included in the Sheriff's deed contradicts Plaintiff's contention that he was promised a loan modification, in fact, it states that an agreement was never reached. Here, even if Plaintiff alleged that he was promised a loan modification, this Court could not enforce an oral promise in contravention of MICH. COMP. LAWS § 566.132(2).

To the extent Count IV raises a claim for fraudulent misrepresentation, this claim likewise fails as a matter of law. As discussed earlier, Plaintiff again has not met the high pleading requirement to sustain a claim for fraudulent misrepresentation. Here, Plaintiff fails to allege the specific false representations made by Defendant. Nor does his pleading contain any factual

allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statement. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Lastly, Plaintiff asserts that Defendant violated MICH. COMP. LAWS § 600.3205c because Defendant "failed to modify Plaintiff's mortgage." Compl. ¶ 28. Sections 600.3204 and 600.3205 have been amended since the events that form the basis of this Complaint occurred. The amendments do not affect the resolution of this matter, and the Court will address the version of the statute in effect at the time of the Sheriff's sale. Pursuant to MICH. COMP. LAWS § 600.3204(4), a party may not initiate foreclosure by advertisement if one of the following circumstances exist:

>   (a)  Notice has not been mailed to the mortgagor as required by section 3205a.
>   (b)  After a notice is mailed to the mortgagor under section 3205a, the time for the mortgagor to request, either directly or through a housing counselor, a meeting with the person designated under section 3205a(1)(c) under section 3205b has not expired.
>   (c)  Within 30 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) and 90 days have not passed after the notice was mailed. This subdivision does not apply if the mortgagor has failed to provide documents as required under section 3205b(2).
>   (d)  Documents have been requested under 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.
>   (e)  The mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.
>   (f)  The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement.
>   (g)  Calculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under chapter is not allowed under section 3205c(7).

MICH. COMP. LAWS § 600.3204(4). "A borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the borrower." MICH. COMP.

-8-

LAWS § 600.320b(1). If a housing counselor is contacted by the borrower, the counselor "shall schedule a meeting with the borrower to attempt to work out a modification of the mortgage loan." MICH. COMP. LAWS § 600.320b(3).

Section 3205c(1) states: "If a borrower has, either directly or through a housing counselor, contacted a person designated under section 3205a(1)(c) under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." MICH. COMP. LAWS § 600.3205c(1).

Here, Plaintiff alleges that "the action of the Defendant[] was intentionally designed to preclude the Plaintiffs (sic) from entering into a Loan Modification or a negotiated settlement. . . ." Compl., ¶ 12. However, as previously noted, the Sheriff's deed contains an affidavit stating that the parties were in discussion regarding a loan modification, yet, for various reasons, the parties did not reach an agreement. Plaintiff did not file a response. Thus, Plaintiff has offered no evidence to contradict this affidavit. In any event, even if Defendant violated MICH. COMP. LAWS § 600.3205c, the remedy Plaintiff seeks, setting aside the foreclosure sale, is unavailable. If the mortgage holder violates MICH. COMP. LAWS § 600.3205c, a mortgagor may file an action to convert a foreclosure by advertisement into a judicial foreclosure. *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, *29 (E.D. Mich. Feb. 24, 2011). In *Stein*, the court noted that even if the plaintiff could establish that the defendant violated Michigan's foreclosure by advertisement statute, the plaintiff had to seek relief prior to consummation of the foreclosure process. *Id.* "The provision allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." *Id.* (emphasis in original)

**IV.** **Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss [#4] is GRANTED.

SO ORDERED.

Dated: March 29, 2013                                          /s/ Gershwin A Drain
                                                               GERSHWIN A. DRAIN
                                                               UNITED STATES DISTRICT JUDGE